UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ALVIN SUAREZ, on behalf of himself and all others similarly situated,

                    Plaintiffs,

v.

BLUE SKY CYCLINGS, INC.,

                    Defendant.
---------------------------------------------------------------X

Case No. 1:23-cv-10126

**MOTION FOR DEFAULT JUDGMENT**

    Plaintiff, Alvin Suarez, by his attorney, Gabriel A. Levy, hereby move the Court pursuant to Federal Rule of Civil Procedures 55(b) and Local Civil Rule 55.1 to enter default in favor of Plaintiff and against Defendant Blue Sky Cycling, Inc. on the grounds that said Defendant failed to answer or otherwise respond to the Complaint.

Dated: Manhasset, NY
        February 29, 2024

                                      **GABRIEL A. LEVY, P.C.**
                                      *Attorneys for Plaintiff*

                                      ***/s/ Gabriel A. Levy, Esq.***
                                      By: GABRIEL A. LEVY, ESQ (5488655)
                                      1129 Northern Blvd, Suite 404
                                      Manhasset, NY 11030
                                      Tel: +1 347-941-4715
                                      Email: Glevy@glpcfirm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
ALVIN SUAREZ, on behalf of himself and all others similarly situated,

                             Plaintiffs,

v.

BLUE SKY CYCLINGS, INC.,

                             Defendant.
--------------------------------------------------------------X

Case No. 1:23-cv-10126

**AFFIRMATION IN SUPPORT OF DEFAULT JUDGMENT**

Gabriel A. Levy, an attorney fully admitted to the Southern District of New York, hereby declares as follows:

1. I am the attorney for Plaintiff Alvin Suarez ("Plaintiff") in the above-captioned action. I submit this affidavit pursuant to Rule 55(b)(2) of the Civil Rules for the Southern District of New York, in support of Plaintiff's application for entry of default judgment against Defendant Blue Sky Cycling, Inc. ("Defendant").

## ARGUMENT

2. Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for a plaintiff to obtain a default judgment. See *Shariff v. Beach 90th Street Realty Corp.,* 2013 U.S. Dist. LEXIS 179255, 2013 WL 6835157, at (E.D.N.Y. Dec. 20, 2013). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, once a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the court may, on a plaintiff's motion, enter a default judgment against that particular defendant. Fed. R. Civ. P. 55(b)(2). On a motion for default judgment, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. See *Greyhound Exhibitgroup, Inc*. v. *E.L.U.L. Realty Corp*., 973 F.2d 155, 158 (2d Cir. 1992); *Allstate Ins. Co. v. Mirvis*, 2015 U.S. Dist. LEXIS 44669, 2015 WL 1539671 (E.D.N.Y. Mar. 31, 2015). In accordance with Rules 55 (b)(2), Plaintiff is entitled to final judgment after default against Defendants.

3. This is an action for declaratory and injunctive relief, as well as damages, pursuant to 1) Title III of the Americans with Disabilities Act, 42 U.S.C. 12181, et Seq., ("ADA") 2) New York State Human Rights Law pursuant to N.Y. Exec. Law Article 15 ("NYSHRL"), 3)

New York State Civil Rights Law, NY CLS Civ R, Article 4 (CLS Civ R §40 *et seq.*) (the "NYCRL") 4) New York Human Rights Law, N.Y.C. Administrative Code §8-102, et seq.

4.  Jurisdiction of the subject matter of this action is based on 28 U.S.S. § 1331 and 42 U.S.C. § 1288, for Plaintiff's claims arising under the ADA, and 28 U.S.C. § 1367 over Plaintiff's claims under NYSHRL, NYCRL, and Administrative Code § 8-102.

5.  This Court has personal jurisdiction over Defendant and, Defendant is a corporation and not an infant or incompetent.

6.  Defendant is not in the military service of the United States.

7.  This action was commenced against Defendant on November 17, 2023 with the filing of a Summons and Complaint (**Exhibit A**).

8.  The Summons and Complaint were served on Defendant on December 7, 2023, by service upon Jose Luis Doe (**Exhibit B**)

9.  Defendant's time to answer or otherwise respond to the complaint expired on December 28, 2023.

10.  Defendant has not answered or otherwise moved with respect to the complaint, and the time for Defendant to answer or otherwise move has not been extended.

11.  A Clerk's Certificate of Default was entered on February 27, 2024 (Exhibit C).

## INJUNCTIVE RELIEF

12. Defendant is indebted to Plaintiff in that:

   a. Defendant has violated the ADA, NYSHRL, NYCRL, and Administrative Code § 8-102 by maintaining its website(s)[1], www.blueskycycling.com and www.blueskycycls.com (the "Websites"), in such a way that it contains numerous access barriers preventing Plaintiff, and other blind and visually impaired individuals, from gaining equal access to the Websites, and by refusing to update or remove access barriers to its Websites, thus causing its websites to be completely inaccessible to the blind and visually impaired. This inaccessibility denies denied blind and visually impaired patrons full and equal access to the services that Defendant makes available to the non-disabled public through the Websites.

   b. Defendant generates revenue from the sale of its products and services, privileges, advantages, and accommodations through its Websites. The Websites are a service, privilege, advantage, and "public accommodation" provided by Defendant that is

---

[1] The Defendant submitted a letter to the Court dated 12/22/23 advising the court that Blueskycycling.com is no longer in business and the URL/ Phone Numbers are no longer in service (Doc. 6). Plaintiff subsequently submitted a response letter demonstrating that the Defendant merely moved his business to a new URL – Blueskycycls.com (Doc. 9) (**Exhibit D**).

inaccessible to patrons who are blind or visually impaired.

c. Defendant's actions constitute intentional discrimination against Plaintiff on the basis of disability in that Defendant has constructed and maintained Websites that are inaccessible to Plaintiff; denied visually impaired customers, like Plaintiff, the services, privileges, advantages, and accommodations provided by the Websites; knowingly maintains the Websites in inaccessible form; and has refused to take adequate actions to correct these barriers even after being notified of the discrimination that such barriers cause. These violations are ongoing.

13. This action seeks declaratory and injunctive relief as follows:

a. That Defendant violated Plaintiff's rights under the ADA, NYSHRL, NYCRL, and Administrative Code § 8-102;

b. For a preliminary and permanent injunction requiring Defendant to bring the Websites into compliance and make the same readily accessible to, and usable by, blind and visually impaired individuals;

c. For a preliminary and permanent injunction requiring Defendant to shut down their Websites and not permit them to be available to the public until the Defendant brings the Websites into compliance and make the same readily accessible to, and usable by, blind and visually impaired individuals;

d. For such other and further relief as the Court deems just and proper.

14. Irreparable harm will befall Plaintiff if injunctive relief is not granted as Plaintiff will be unable to enjoy full and equal enjoyment of the goods, services, , and accommodations offered by Defendants as a direct result of Defendant's violations of the ADA, NYSHRL, NYCRL, and Administrative Code § 8-102.

15. Moreover, Plaintiff has no adequate remedy at law. Granting an injunction will serve the public interest by protecting the civil rights of individuals with disabilities. Given Defendants failure to file a responsive pleading in this action and its failure to retain counsel, there is a substantial likelihood of success in attaining an injunction.

16. Failure to grant an injunction will result in Plaintiff's continued exposure to harm with no method of recourse.

## DAMAGES

17. Plaintiff is entitled to compensatory damages, including statutory damages, and all other relief allowed by law.

18. In calculating compensatory damages under the NYSHRL and the NYCHRL, a court in the Southern District of New York found that "[t]he New York City Human Rights

Commission has deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damage 'other than what a decent and reasonable individual would suffer when faced with such ignorant behavior.'" Kreisler, 2012 U.S. Dist. LEXIS 129298, 2012 WL 3961304, (weighing the appropriate compensatory damages amount for the defendant's failure to provide a reasonably accessible restaurant). *Shalto v. Bay of Bengal Kabob Corp.*, 2013 U.S. Dist. LEXIS 33277

19. This Court has competent jurisdiction and the authority to order the Defendant to pay Plaintiff the $1,000 in compensatory damages contemplated by NYSHRL and the NYCHRL for the disability discrimination Plaintiff has suffered, and respectfully recommends that the District Court order that relief.

20. Therefore, a Judgment in favor of Plaintiff for the amount of $1,000.00 would be proper. A proposed judgment is attached as **Exhibit E**.

## NO NEED FOR AN INQUEST

21. Although a plaintiff seeking to recover damages against a defaulting defendant must prove its claim through the submission of admissible evidence, see Smith ex rel. Smith v. Islamic Emirate of Afghanistan, 262 F. Supp. 2d 217, 224 (S.D.N.Y. 2003), a hearing is unnecessary so long as (1) the Court has determined the proper rule for calculating damages, see Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999), and (2) the plaintiff's evidence establishes, with reasonable certainty, the basis for the damages specified in the default judgment, see Transatlantic Case 1:13-cv-02287-RMB-FM Document 59 Filed 12/28/15 Page 5 of 10 Marine Claims Agency Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). Here, because the requirements have been met, there is no need for a hearing.

WHEREFORE, Plaintiff respectfully requests entry of default and the entry of the attachment judgment against Defendant.

Respectfully submitted,

_Gabriel Levy_
Gabriel A. Levy